**GERALDINE SLACK**                                    **CIVIL ACTION**

**VERSUS**                                             **No. 09-2321**

**UNITED FIRE & CASUALTY COMPANY, ET AL.**             **Section I/4**

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendants, United Fire and Casualty Company, United Fire and Indemnity Company, United Fire Group, and Lafayette Insurance Company ("LIC"), on the ground that plaintiff's claims have been settled by accord and satisfaction. For the following reasons, the motion for summary judgment is **GRANTED.**

## BACKGROUND

On August 28, 2006, plaintiff, Geraldine Slack ("Slack"), filed this lawsuit, claiming that Hurricane Katrina damaged her New Orleans home.[1] When Hurricane Katrina struck the Gulf Coast, Slack's home was insured by a homeowner's policy issued by

---

[1] Slack's claim was initially included as part of a mass joinder before United States District Judge Stanwood R. Duval, Jr. and United States Magistrate Judge Joseph C. Wilkinson. Rec. Doc. No. 1-2. On January 8, 2009, U.S. Magistrate Judge Wilkinson ordered that the claims be severed and that each plaintiff file an individualized amended complaint. Rec. Doc. No. 1-4. Slack filed an amended complaint on January 30, 2009. Rec. Doc. No. 1.

1

Lafayette Insurance Company.[2] On December 18, 2005, LIC tendered an initial damage payment to Slack in the amount of $6,119.38.[3]

On August 3, 2007, LIC delivered two checks to Slack's counsel, accompanied by a "Settlement Agreement and Partial Release" acknowledging a "Settlement Amount" of $17,556.32.[4] One check, in the amount of $7,625.01, was made payable to Slack, and the other check, in the amount of $3,811.93, was made payable to Slack's counsel, Bruno and Bruno.[5] Both checks contained the notation, "Full and Final Settlement of Claim."[6]

Neither of the August 3, 2007 checks were cashed prior to their expiration. At the request of plaintiff's counsel, LIC reissued both checks on October 10, 2008 and the original checks were voided.[7] The reissued checks contained the same notation, "Full and Final Settlement of Claim."[8] Both checks were negotiated

---

[2] Rec. Doc. No. 14-3, para. 1; Rec. Doc. No. 17-4, para. 1. Lafayette Insurance Company is a wholly-owned subsidiary of United Fire & Casualty Company. Rec. Doc. No. 14-4, para. 1.

[3] Rec. Doc. No. 14-3, para. 2; Rec. Doc. No. 17-4, para. 2.

[4] *Id.* at para. 3. The checks identify, among others, United Fire Group, United Fire and Casualty Company, United Fire and Indemnity Company, and Lafayette Insurance Company. Rec. Doc. No. 14-5.

[5] Rec. Doc. No. 14-3, para. 3; Rec. Doc. No. 17-4, para. 3.

[6] *Id.*

[7] *Id.* at paras. 4, 5.

[8] *Id.* at para. 5.

and paid.[9]

On July 13, 2009, defendants filed this motion for summary judgment, arguing that Slack's insurance claim was compromised by accord and satisfaction. Slack does not dispute that defendants issued the above-mentioned checks or that three of the checks were negotiated. However, Slack contends that negotiation of the checks did not settle her claim as she never understood the checks to constitute a full settlement and settlement release documents were never executed.

## LAW AND ANALYSIS

### I. STANDARD OF LAW

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence

---

[9]*Id.* at para. 6. It appears that Slack endorsed one check and Bruno and Bruno endorsed the other. Rec. Doc. No. 14-5, pp. 10-11.

of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). If, on the other hand, the moving party bears the burden of proof on an issue, it "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot*, 780 F.2d at 1194.

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed,

4

and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

## II. <u>ACCORD AND SATISFACTION</u>

Louisiana courts have long recognized the doctrine of accord and satisfaction as an affirmative defense to a debt that is proven "'when there is a disputed claim,[10] a tender by the debtor for less than the sum claimed, and acceptance of the tender by negotiation of the check.'" *Creative Marketing Sales, Inc. v. Rayborn*, 615 So. 2d 1107, 1108 (La. Ct. App. 5th Cir. 1993)(quoting *Spalitta v. Hartford Fire Ins. Co.*, 428 So. 2d 824, 826 (La. Ct. App. 5th Cir. 1983)); *Anesthesia East, Inc. v. Bares*, 594 So. 2d 1085, 1087 (La. Ct. App. 4th Cir. 1992); *McClelland v. Sec. Indus. Ins. Co.*, 426 So. 2d 665, 669-70 (La. Ct. App. 1st Cir. 1982); *see also Berger v. Quintero*, 127 So. 356 (La. 1930). The Louisiana Civil Code, amended in 2007 in order to recognize the validity of the doctrine, provides, "A compromise is also made when the claimant of a disputed or unliquidated claim, regardless of the extent of his claim, accepts a payment that the other party tenders with the clearly expressed written condition that acceptance of the payment will extinguish the obligation." La. Civ. Code Ann. art. 3079 (West

---

[10]There is no disagreement that the amount allegedly owed plaintiff by defendant was in dispute.

Supp. 2009).

The doctrine comes into play "when a debtor tenders a check as payment in full of an obligation due under contract to his creditor, the amount of which has been disputed by the parties." *RTL Corp. v. Mfr's Enters., Inc.*, 429 So. 2d 855, 857 (La. 1983). The offer then "confers on the creditor a specific right to consent to full satisfaction of the debt by accepting the check or to retain his rights under the prior agreement by rejecting the check." *Id.* The creditor cannot, without the consent of the debtor, make use of the check and then disregard the condition upon which the offer was made. *Id.*

It is undisputed that Slack and her counsel negotiated three checks tendered by defendants for a total amount of $17,556.32.[11] It is also undisputed that the last two checks issued in October, 2008 contained the following notation: "Full and Final Settlement of Claim."[12] Notwithstanding, Slack contends that she did not understand the checks as constituting a settlement of her claim. Slack argues that defendants did not send a new settlement agreement and release when they reissued the checks and that Slack

---

[11]Rec. Doc. No. 14-3; Rec. Doc. No. 17-4. Defendants submit copies of the checks, accompanied by the sworn affidavit of United Fire & Casualty Company's general counsel, Neal Scharmer ("Scharmer"). Rec. Doc. No. 14-4; Rec. Doc. No. 14-5.
  Scharmer declared in his affidavit that the check issued to Slack's counsel was cashed on October 22, 2008 and that the check issued to Slack was cashed on October 28, 2008. Rec. Doc. No. 14-4, para. 8.

[12]Rec. Doc. No. 14-3; Rec. Doc. No. 17-4; Rec. Doc. No. 14-4, paras. 3,4,7; Rec. Doc. No. 14-5, pp. 10-11.

did not recognize "the verbage [sic] of the face of the check[s]."[13]

Slack is correct that his understanding of full settlement is an essential element of accord and satisfaction. *McClelland*, 426 So. 2d 670 ("Essential to a valid accord and satisfaction is that the creditor understands that the payment is tendered in full settlement of the dispute."); *Adams v. Sconza*, 380 So. 2d 679, 680 (La. Ct. App. 4th Cir. 1980)("One element necessary to prove accord and satisfaction is a showing that the creditor understands the payment is tendered in full settlement."). Nonetheless, Slack's argument that she did not recognize the checks as resolving her claim is unavailing in light of the clear and explicit notations on each check.

Unlike the notation on the check in *Adams*, the checks in this case noted "Full and Final Settlement of Claim."[14] Slack should have at least reasonably understood that the check that she negotiated was intended to settle his claim in full. *See F & S Enters., Inc. v. Cure*, 690 So. 2d 263, 265 (La. Ct. App. 4th Cir. 1997); *Didriksen v. Sewerage & Water Bd. Of New Orleans*, 527 So. 2d 319, 321 (La. Ct. App. 4th Cir. 1988); *McClelland*, 426 So.2d at 671 (finding that a restrictive endorsement providing that payment "is in full and final settlement of all claims" was "clear and

---

[13]Rec. Doc. No. 17, p. 5.

[14]Rec. Doc. No. 14-4, paras. 3,4,7; Rec. Doc. No. 14-5, pp. 10-11.
The check at issue in *Adams* contained the following language: "Damages and Injury Caused During Automobile Acc. On 5/May 74." *Adams*, 380 So. 2d at 680.

7

explicit"); *Creative Marketing*, 615 So. 2d at 1109 (finding that a notation of "Final Payment" was sufficient).

Slack offers no authority in support of her argument that she did not recognize her check as a full settlement in the absence of an executed release. Indeed, such argument is not in line with Louisiana jurisprudence holding that "an accord and satisfaction is present when a debtor tenders a check with a written notation indicating it is in full settlement of all claims and the claimant accepts the offer." *Clark v. State Farm Mut. Auto. Ins. Co.*, 785 So. 2d 779,792 (La. 2001).

In the *F & S* case, Louisiana's Fourth Circuit Court of Appeal held that a claimant accepted a settlement offer when he cashed a check with language identifying the check as a "full and final settlement." *F & S*, 690 So. 2d at 265. The court in *F & S* did not consider whether the parties executed a release, instead holding that "the act of cashing the check itself comprises acceptance of defendant's offer." *Id.* Other Louisiana cases indicate that a creditor's intent to settle a claim depends only on the language of the negotiated check, not on whether the parties executed a release. *See Creative Marketing*, 615 So. 2d at 1108-09 (finding accord and satisfaction based on the "Final Payment" notation on a check deposited by the plaintiff); *Didriksen*, 527 So. 2d at 321 (finding that a claimant was aware of a compromise based on the checks' explicit restrictive endorsements). Moreover, the fact that

defendants did send a release to Slack's counsel when they first issued the August, 2007 checks supports, rather than undermines as Slack contends, that Slack should have known that she was settling her claim when she and her counsel negotiated the October, 2008 checks, which had been ***reissued*** to her upon her counsel's request.

In support of her argument that she did not intend to settle her claim for the amounts tendered, Slack submits the sworn affidavit of Phillip Lee, a consultant employed by her counsel to discuss the property damage claim with LIC representatives.[15] In the affidavit, Lee states that Slack was not present at a meeting when he and the insurance representatives worked toward an agreement and that he expressly conveyed that he did not have the authority to bind Slack.[16] In light of the clear and explicit language on the face of the negotiated checks, the Court need not consider Lee's statements.[17] See *McClelland*, 426 So. 2d at 671.

The undisputed evidence establishes that Slack and defendants did indeed reach an accord and satisfaction. Defendants tendered checks for less than the amount sought by Slack and Slack accepted the amount by negotiating at least one of the checks, her counsel negotiating the other. Accordingly,

---

[15] Rec. Doc. No. 17-3.

[16] *Id.* at paras. 6,7.

[17] The Court notes that Lee's meeting occurred in May, 2007, three months before defendants issued the first set of checks and over a year before Slack negotiated at least one of the reissued checks. *Id.* at para. 4.

9

**IT IS ORDERED** that the motion for summary judgment is **GRANTED** and that Slack's claims are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, August  19th , 2009.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**